IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724 |
| THIS DOCUMENT RELATES TO: | HON. CYNTHIA M. RUFE |
| Molina Healthcare, Inc. v. Actavis Elizabeth, LLC | No. 20-695 |
| Humana Inc. v. Actavis Elizabeth, LLC | No. 18-3299 |
| Humana Inc. v. Actavis Elizabeth LLC | No. 19-4862 |
| Humana Inc. v. Actavis Elizabeth LLC | No. 20-6303 |

**ORDER**

On September 4, 2025, several Defendants[1] moved to disqualify W. Joseph

Nielson and his law firm, Lowey Dannenberg, P.C., from representing Plaintiffs

Molina Healthcare and Humana Inc in the above-captioned matters[2].  Following

Plaintiffs' response,[3] this Court referred the matter to Special Master Lawrence F.

---

[1] Mylan, Lannett Company, Inc., Sandoz Inc., Fougera Pharmaceuticals Inc., Bausch Health Americas, Inc.; Bausch Health US LLC; Oceanside Pharmaceuticals, Inc. Citron Pharma, LLC, Breckenridge Pharmaceutical, Inc., Dr. Reddy ' Laboratories, Inc., Heritage, Pharmaceuticals Inc, Emcure Pharmaceuticals, Ltd., Satish Mehta, Teva Pharmaceuticals USA, Inc., Barr Pharmaceuticals, Inc., Pliva, Inc., Actavis Elizabeth, LLC, Actavis Holdco U.S., Inc., and Actavis, Pharma, Inc., Apotex Corp., Epic Pharma LLC, Mayne Pharma Inc., Pfizer Inc., Greenstone LLC, G&W Laboratories, Ascend Laboratories, Aurbindo Pharma, Inc. Zydus Pharmaceuticals (USA) Inc., Sun Pharmaceutical Industries, Inc., Mutual Pharmaceutical 5.Company, Inc., Taro Pharmaceuticals USA. Inc. and Taro Pharmaceutical, Perrigo New York, and Perigo Company plc.
[2] [MDL Doc. Nos. 3556 and 3662]
[3] [MDL Doc. Nos. 3715, 3716 and 3717]

Stengel for his consideration and recommended resolution.[4]  After reviewing the

parties' submissions and oral arguments, Special Master Stengel, on January 8, 2026,

issued his Report and Recommendation recommending Defendants' motion be

denied.[5]  On  January 29, 2026, Defendants filed objections[6] to the R&R.

Mr. Nielson moved from public employment as an Assistant Attorney General

for Connecticut, where he represented that state, along with several other states and

other jurisdictions, in litigation against Defendants /Movants herein and many of

their co-Defendants regarding the same or similar claims of antitrust and restraint of

trade in the generic drug industry, to private employment with the firm of Lowey

Dannenberg, where he now represents private plaintiffs involved in similar litigation.

All of this litigation is under the umbrella of the above-captioned Federal Court

multidistrict litigation. Movants claim Mr. Nielson's past representation of

Connecticut violated Pennsylvania's Rules of Professional Responsibility 1.11(a) and

(c).

Plaintiffs object to this Court's reviewing and ruling upon Movant's objections

because, Plaintiffs argue, the objections are untimely and therefore deserve summary

dismissal. Defendants received the R&R directly by email from Special Master Stengel

---

[4] [MDL Doc No. 3658]
[5] [MDL Doc. No. 3932]
[6] [MDL Doc. No. 3994]

on December 29, 2025.[7] The Court, however, agrees with Defendants that PTO 49[8],

which was adopted by PTO 163¶12,[9] starts the countdown for filing objections after

the report's filing on the docket. Nevertheless, the objections were not timely filed.

Plaintiffs, in support of their contention, cite Fed. R. Civ. P.Pro. 53(f), which provides

in relevant part:

> (f) Action on the Master's Order, Report, or Recommendations.
>     (2) Time to Object or Move to Adopt or Modify. A party may file
>     objections to—or a motion to adopt or modify—the master's order,
>     report, or recommendations no later than 21 days after a copy is served,
>     *unless the court sets a different time.*

(Emphasis added.) This Court did set a different time. PTO 49 requires "objection[s]

to any report and recommendation filed by the Special Master or Special Discovery

Masters within 14 calendar days from the date it is filed with the Court." PTO 163,

cited by both sides in support of their positions on when objections must be filed, did

not change the 14-day deadline. *Id.*, ¶¶ 1 and 12. As the deadlines are not

jurisdictional, and the issue raised by the Defendants' objections is substantive, this

Court will nevertheless exercise its discretion to consider and rule on them. ***N.B.*** *PTO*

*49 further states, "If no objections are timely filed, the Recommendation will be deemed to be accepted*

*by all parties and affected non-parties, and the Court will enter an appropriate Order."* **In the**

**future, objections to a Master's report and recommendation filed beyond the**

---

[7] [MDL  Doc. No. 3998]
[8] [MDL Doc. No. 667]
[9] [MDL Doc. No. 1707]

**fourteen-day deadline set by PTOs 49 and 163, as allowed by Rule 53(f)(2), will**

**be deemed dismissed as untimely by operation of PTO 49.**

Movants object to the R&R's conclusion that Rule 1.11(c) does not disqualify

Mr. Nielson because former government enforcers are disqualified if they could

potentially use confidential government information ("CGI") obtained during the

course of their public service to the disadvantage of an adverse party compelled to

reveal that information to the attorney/public servant as a result of participation in an

investigation. Movants claim the R&R affirms that Mr. Nielson, while an Assistant

Attorney General, was exposed to confidential information relevant to the MDL that

he has not, and promises not to share with the Plaintiffs.[10] Movants, though, read too

much into the first eleven words of a footnote in the R&R.[11] The footnote, when read

to the end, credits Mr. Nielson's promise that if he has such information, he will not

share it with his clients or other MDL parties aligned with them. That same footnote

credits reports submitted by Plaintiffs' experts, opining that Mr. Nielson, in

compliance with PTO 70[12] and later, related orders shared discoverable materials

exclusive of trade secrets, business information unrelated to MDL litigation, or

personal or embarrassing information unrelated to the MDL.[13] The R&R credited

---

[10] [MDL Doc. No. 3994, pp. 7-8]
[11] R&R, p. 16 n.10
[12] [MDL Doc. No. 841] PTO 70 resulted from a stipuation between Plaintiffs and
Defendants, including movants and respondents in this matter, providing them access
to almost all information Connecticut and other state Plaintiffs collected.
[13] [MDL Doc. Nos. 293-2, p. 4; 293-3, pp 5-6.]

Plaintiffs' experts' reports over those of Movants' expert[14] because the former

contained numerous references to this litigation, and the latter was instead a largely

context-free discussion of the law. At the same time, the latter did not consider the

close, court-ordered cooperation among all state and most private plaintiffs in sharing

and revealing discovery. (The Movants' expert report never mentions PTO 70 or

other related orders central to determining whether other Plaintiffs lack the discovery

Mr. Nielson possessed or encountered when working for Connecticut.)

Movants' objections direct this Court's attention to exceptions to the full

disclosure required by PTO 70 and note that Mr. Nielson might have been exposed to

the information in non-disclosed documents, as well as in discussions with or

presentations—written and oral—by unnamed persons and unspecified entities.[15]

PTO 70 provided a means to resolve disputes and objections to disclosures of

materials collected by Connecticut. Movants' objections in this matter have not cited

any disputes, nor identified any source of undisclosed or non-disclosable, non-

corporeal information Mr. Nielson might possess to the Movants' (or anyone else's)

prejudice, nor that Mr. Nielson or Connecticut stood in the way of any disclosures.

Movants also argue that Mr. Nielson's former employer, the State of

Connecticut, did not consent to his representing the Plaintiffs herein. That claim is

belied by the September 24, 2024, letter from Connecticut Associate Attorney

---

[14] [MDL Doc. No. 3662-1]
[15] [MDL Doc. No. 3994, pp. 9-12.]

General Jeremy Pearlman, acknowledging Mr. Nielson's intention to work for Lowey

Dannenberg as Plaintiffs' lawyer in the MDL, and stating the state is not prejudiced

by that employment.[16] It memorializes the ongoing cooperation between Connecticut

and other Plaintiffs in the MDL pursuant to long-standing CGIs.

In conclusion, this Court agrees with the R&R's recommendation that the

motion to disqualify Mr. Nielson will be denied.  The possible scenarios Movants

posit but do not flesh out do not require disqualification or outweigh the factors the

Third Circuit states might outweigh the need for disqualification.[17] As the motion to

disqualify Mr. Nielson's employer, Lowey Dannenberg, rests entirely on Mr. Nielson's

alleged violation of the Rules of Professional Conduct, and there was no violation,

that motion will also be denied.

**AND NOW**, this 9th day of March, 2026, it is hereby **ORDERED** that the

objections to the Report and Recommendation of Special Discovery Master Lawrence

Stengel Resolving Defendants' Motion To Disqualify Plaintiffs' Counsel and Law

---

[16] [MDL Doc. No. 3717, p. 18.]

[17] "[A] court may conclude based on the facts before it that disqualification is not an appropriate remedy. Relevant factors depend on the specifics of the case, but generally include the ability of litigants to retain loyal counsel of their choice, the ability of attorneys to practice without undue restriction, preventing the use of disqualification as a litigation strategy, preserving the integrity of legal proceedings, and preventing unfair prejudice. Sometimes disqualification is more disruptive than helpful even though an attorney may not have satisfied his or her professional obligations. And, indeed, courts in our Circuit often deny disqualification even when finding or assuming conflicts under the professional conduct rules." *In re Boy Scouts of America*, 35 F.4th 149, 160 (3d Cir. 2022).

Firm are **DENIED** for the reasons set forth above. The Report And

Recommendation to the Court Resolving Defendants' Motion to Disqualify

Plaintiffs' Counsel and Law Firm is **APPROVED and ADOPTED**.[18]

It is so **ORDERED**.

March 9, 2026

BY THE COURT:

/s/ Cynthia M. Rufe, J.

_____

CYNTHIA M. RUFE, J.

---

[18] [MDL Doc. No. 3932]